# Maurer's Appeal.  Kerper's Estate.

The power of a married woman over property settled to her separate use, cannot exceed the limits prescribed in the deed of settlement, and although the power to sell includes a power to mortgage, if the deed limits the power to mortgage, a mortgage which exceeds that limit is void. While such a mortgage is invalid, if it be found, however, that it was given for a loan to release the lien of another mortgage, which was made in pursuance of the power in the deed of settlement, and that part of the money so raised was used for that purpose, it will be good, *pro tanto*.

March 7th 1878.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.   WOODWARD, J., absent.

Appeals from the Court of Common Pleas of *Berks county*: Of January Term 1878, Nos. 231 and 250.

Bill in equity, filed by Henry Maurer and Benjamin Keim,

against D. B. Kerper and Eliza his wife, and G. W. Goodrich, trustee of said wife.

Mrs. Eliza E. Kerper was tenant in tail, under her father's will, of certain real estate. The entail was barred by a deed to J. Warren Tryon, Esq., in which she and her husband joined. On the 24th of April 1863, Mr. Tryon conveyed the real estate vested in him to George W. Goodrich, upon certain trusts, as follows: 1st. The trustee to mortgage the estate for $2000, said sum to be received by Mrs. Kerper, and to be for her sole and separate use. 2d. The trustee to collect the rents, issues and profits, and after deducting repairs, taxes, &c., upon the premises, the interest upon the mortgage aforesaid, and reasonable charges of trustee, to pay the balance into the hands of· Mrs. Kerper during her life. 3d. Upon Mrs. Kerper's death, the trustee to stand seised to the use of her children. 4th. The trustee to sell the whole, or any part of the premises, to any person and for any price that Mrs. Kerper might appoint and direct, by writing under her hand and seal, at any time during her life, the purchaser to be discharged from all obligation to see to the application of the purchase-money; the purchase-money to be substituted for the real estate sold, after the payment of liens and any debts which Mrs. Kerper might have had when the trust was declared.

On the same day, Goodrich, trustee as aforesaid, executed a mortgage upon the said granted premises, to George F. Smith, who, in turn, and on the same day, assigned it to Goodrich, to secure said Goodrich for any moneys which he had then advanced, or might thereafter advance, to the said Eliza E. Kerper, not exceeding the sum of $2000. Afterwards, to wit, May 25th 1867, by settlement made between Mr. Goodrich and Mrs. Kerper, it was ascertained that Mrs. Kerper was indebted to him $1128, which she then paid out of the moneys received from Maurer and Keim, the plaintiffs, and Goodrich entered full satisfaction of said mortgage. In the meantime, Mrs. Kerper becoming dissatisfied, desired to revoke the trust declared in the deed to Goodrich, and to resume control of her property; and being advised by counsel that her desire could be accomplished, she executed a deed to Zacharias H. Maurer, May 25th 1867 (same day as settlement with Goodrich), revoking the trusts in the deed to Goodrich, and reserving to herself the right to sell or mortgage the property without limit, intending thereby, among other things, to revoke the trust mentioned in· favor of her children. On the same day plaintiffs loaned her $3000, to secure which she and her husband executed a mortgage, payable April 1st 1868, of a house and lot in Franklin street, in the city of Reading, and of a lot of ground on Centre avenue in said city, all the parties believing and understanding at the time, that she was seised of the premises in fee simple, by virtue of the deed of revocation aforesaid. Mrs. Kerper collected the rents of her property

[Maurer's Appeal.]

and paid the interest upon this mortgage up to April 1st 1868, but a collateral issue then arose involving the validity of the deed revoking the trusts as aforesaid, and the Court of Common Pleas of Berks county, in Kerper *v.* Grissinger, No. 183, Jan. T. 1868, held that the trust deed from Tryon to Goodrich was irrevocable, and the deed of revocation therefore void. Relying upon that decision, Mrs. Kerper refused to pay either the interest or principal of the plaintiff's mortgage. A writ of scire facias issued and judgment was obtained by default upon the mortgage, but the court stayed the execution and granted a rule to show cause why the judgment should not be opened and set aside. Thereupon the bill was filed in this case praying that an account be taken of what is due for principal and interest on said mortgage; that Kerper and wife pay to plaintiffs the amount due, together with costs, and in default, that they and all claiming under them be absolutely foreclosed of all equity of redemption in said mortgaged premises; that the deed from Tryon to Goodrich be vacated and annulled, or so reformed as to enable Mrs. Kerper to convey her estate in fee, and receive the purchase-money to her own separate use; that Goodrich, trustee, be required to execute a mortgage to plaintiffs for the same amount and upon the same premises described in mortgage to plaintiffs by Kerper and his wife; that Goodrich be required to apply the personal estate of the said Eliza E. Kerper, and the rents, &c., of the real estate, to the satisfaction of her engagements with plaintiffs.

The bill and answer were referred to a master, before whom the foregoing facts were disclosed, and who reported a decree: "1. That the rents, issues and profits of the real estate embraced in the mortgage be paid to the plaintiffs towards payment of the amount due on their mortgage. 2. That George W. Goodrich be directed and ordered to sell and convey in fee simple the lot of ground situate on the west side of the Centre turnpike, in the city of Reading; that the proceeds of such sale be invested, and the income or interest thereof be paid to the plaintiffs, towards the payment and satisfaction of their mortgage. 3. That the rents, issues and profits of all the other real estate mentioned and embraced in the deed from J. Warren Tryon to George W. Goodrich be paid to the plaintiffs. for the same purpose, until said mortgage is fully paid."

Exceptions were filed to this report by both plaintiffs and defendants, which the court dismissed, and confirmed the report. Both plaintiffs and defendants appealed. The former alleged, inter alia, that the court erred in finding that the execution of the mortgage by Goodrich to Smith, exhausted the power to mortgage for $2000; in not finding that the power to mortgage for $2000, was a continuing power to be repeated as often as desired, until the lien was discharged and paid by sale of the real estate; in not finding that the mortgage to plaintiffs for $3000, was, in equity, an exercise of the

power to mortgage for $2000, and of the power to sell for payment of antecedent debts, for the remaining $1000; in not finding that the power to sell included the power to mortgage, and that as this power had been executed in substance, equity would remedy the defect in form; in not entering a decree for the sale of the real estate mortgaged, for the payment of the whole amount due plain-tiffs, with interest; in not entering a decree requiring the trustee to sell or mortgage all of the real estate conveyed to him, or so much thereof as may be necessary to pay the amount due plaintiffs, with interest.

The defendants alleged, inter alia, that the court erred in direct-ing the appropriation of the rents, issues and profits of the estate to the payment of the plaintiffs' mortgage.

*Richmond L. Jones* and *W. H. Livingood*, for Maurer & Keim, appellants.—The fourth trust directs the trustee to sell everything, at Mrs. Kerper's request, to whom she pleases, and for the price she names. This power to sell undoubtedly includes the power to mortgage: Kent Com. 345; Sugden on Powers 478; Mills *v.* Banks, 3 P. Wms. 9; Lancaster *v.* Dolan, 1 Rawle 247. Her power to mortgage under the first trust to the extent of $2000, and under the fourth trust to any extent whatever, being established, it remains to consider the third question: Will equity treat the mort-gage to the plaintiffs, executed by Mrs. Kerper and her husband, as an exercise of the power reserved to her in the trust deed? The intention and the power to mortgage having been found, the only difficulty remaining is that the power was not well executed in law, and it is to remedy this defect that we have appealed to equity. The mortgage to plaintiffs is an instrument in writing under seal, and thus answers the requirements of a request from Mrs. Kerper to the trustee to sell or mortgage, no form for which is prescribed. Upon this, equity will compel the trustee to formally execute the power.

*A. G. Green*, for Kerper and wife.—Granting that the deed to Goodrich is an executed, continuing and valid trust, how can it be affected by the acts of the person declaring it? If Mrs. Kerper is entitled to the rents by virtue of this deed, how can she be de-prived of them? Certainly not by her own act, for that would impair the trust instead of preserving it. But it is said she made a contract by which she parted with her right to the rents; that by executing the mortgage to plaintiffs she relinquished her right to receive them. She is not competent to make such a contract. It may be admitted that a contract for necessaries made on the credit of her separate estate would be collectible out of the rents coming to her under the trust. But a contract to transfer the rents could not be enforced, and hence no act of hers, whether by a mortgage

[Maurer's Appeal.]

on real estate she does not own, or an agreement to make the income of the trust estate liable for money loaned, will be effectual for this purpose. To hold any other view would be utterly subversive of the object of the trust: Graham *v.* Long, 15 P. F. Smith 385.

Mr. Justice SHARSWOOD delivered the opinion of the court, March 25th 1878.

It is too late to shake the authority of Lancaster *v.* Dolan, 1 Rawle 232. Whether the decision in that case was right or wrong it has been so often recognised and affirmed since 1829, that it is now one of the most firmly established rules of property in this state. Under the deed of trust of April 24th 1863, executed by J. Warren Tryon, with the assent of Daniel Kerper and Eliza E. Kerper, to George W. Goodrich for the sole and separate use of Mrs. Kerper during her natural life, with remainder to her children, she, being a feme covert, had no power over the separate estate except what was expressly reserved in the deed. There was an express power reserved to the trustee to execute a mortgage of $2000 for the sole and separate use of Mrs. Kerper absolutely. This mortgage was executed, and, as the master rightly held, that power was exhausted. Subsequently, under a mistaken idea that the deed of trust was revocable, a deed was executed on the 25th day of May 1867 by Kerper and wife to Zacharias N. Maurer in fee, the object of which was to vest in Mrs. Kerper the title to said premises in fee simple for her own exclusive use. It is not now pretended that this deed was operative for the purpose for which it was designed. The trust for Mrs. Kerper for her sole and separate use for life continued unaffected by it. On the 31st May 1867 Mr. and Mrs. Kerper executed a mortgage to secure the payment of two bonds in favor of Henry H. Maurer and Benjamin Keim of $1500 each. The money was loaned in good faith on the security of the mortgage, in the belief that the deed of trust was revoked and that the mortgagors had a perfect right to make the mortgage. Of the money thus loaned it is reported by the master that about $1100 was used to pay the balance due on the mortgage for $2000 given under the express power in the trust deed, and satisfaction was then entered on that mortgage. In the original trust deed there was a power to Goodrich the trustee to sell "to any person or persons and for any such sum or sums of money as the said Eliza E. Kerper, by writing under her hand and seal, at any time during her natural life may appoint and direct, and to discharge the purchasers from all obligation to see to the application of the purchase-money; and the purchase-money of the premises so sold or any part shall in all respects be substituted for the real estate sold as regards the enjoyment and ownership thereof." It is now contended that the mortgage to the complainants of May 31st 1867, is a valid instrument under the power. Without doubt a power of sale

includes a power to mortgage; nor is it necessary that the deed should on its face refer to the power if it can take effect in no other way. It has also been held by this court that where there is a power in a trustee to convey to such persons as the *cestui que trust* shall appoint, a deed executed by the latter is a good appointment and the trustee will be decreed to convey: McFadden *v.* Drake, 29 P. F. Smith 473. In that case however the *cestui que trust* had the absolute equitable estate, an estate-tail, indeed, but which when converted into money became absolute. In equity then she would be considered as the owner of the money produced, and the payment to her discharged the purchaser. Here however the *cestui que trust* had but a limited interest for her life, and it was expressly declared, as we have seen, that the purchase-money should in all respects, be substituted for the real estate sold as regards the enjoyment and ownership thereof. If the mortgage had been made by the trustee, or if it had appeared that the mortgage-money had been paid to him, as his was the hand appointed to receive it, undoubtedly under the clause inserted in the deed for that purpose, the mortgagees would not have been bound to see to the application of the mortgage-money. Those interested in remainder must look to the trustee. But here the mortgagees did not pay the money into the hand appointed to receive it. They had express notice of the trust on the face of the deed. They paid the money to Mrs. Kerper, and so far and so far only, as she had a right to the money received, can the appointment by way of mortgage under the trust deed be supported. But had she not a perfectly good and absolute title to so much of the mortgage-money as was actually applied to the payment of the balance upon the mortgage expressly authorized by the trust deed for her absolute use? It is not easy to see upon what principle of equity she can controvert the claim of these mortgagees to the security of their mortgage under the power, for so much as was applied by her to relieve her estate from a valid subsisting encumbrance, placed upon it for her sole benefit. It was to that extent a rightful application of the proceeds of the mortgage under the trust deed.

The bonds which the mortgage was given to secure were void as personal obligations of Mrs. Kerper. They were neither at law or in equity any charge upon her estate. We are of opinion that so much of the decree as sequestered the rents and profits of Mrs. Kerper's estate to be paid to the complainants was erroneous, as was the order of sale of the mortgaged premises, the proceeds to be invested and the interest paid to the plaintiffs towards satisfaction of their mortgage; but we are of opinion that the complainants are entitled to the security of their mortgage to enforce the payment of $1148.48, or whatever was the exact amount of the balance paid on the $2000 mortgage, with interest. To this extent the mortagees have a full remedy at law upon their mortgage, and it

will be the duty of the court below to permit them to proceed thereon for the purpose of realizing that amount.

Decree reversed and bill dismissed, each party to pay their own costs in the court below and on this appeal.